IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL ALBA | § | |
| | § | A-10-CA-526  JN |
| V. | § | (A-02-CR-231  JN) |
| | § | |
| UNITED STATES OF AMERICA | § | |

SEALED REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the movant's Breach of Plea Agreement Motion, received on February 4, 2010 (Clerk's Dkt. #47), construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; "Petitioner's Respectfull Objections, Concerns, And Amendments, Pursuant to the Court's Order And Advisory," filed July 30, 2010 (Clerk's Dkt. #55); Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence, filed September 2, 2010 (Clerk's Dkt. #59); "Petitioner's Traverse and Objections to Government's Reply Timely Filed," filed September 29, 2010 (Clerk's Dkt. #62); and movant's "Writ of Error Coram Nobis," filed December 27, 2010 (Clerk's Dkt. #66).[1]

---

[1] As stated, movant entitled this document "Writ of Error Coram Nobis."  However, this writ is reserved for extraordinary circumstances where the party seeking relief is no longer in custody. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir.1998) (writ of coram nobis "has been used as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255").  Thus, the Fifth

# I. BACKGROUND

Movant Paul Alba ("Alba") pled guilty pursuant to a plea agreement to a single count information charging him with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district judge sentenced movant to 151 months confinement, followed by a three (3) year term of supervised release.

Movant did not appeal his conviction and sentence. Movant has now filed a document he entitled Motion For Resentencing Based on Counsel's Failure to File the Requested Notice of Appeal. The Court construed the pleading as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As Alba had not previously filed a motion seeking relief under section 2255, the Court afforded him an opportunity to withdraw the motion or to amend it so that it contains all the 28 U.S.C. § 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003). In response, Alba filed his "Petitioner's Respectfull Objections, Concerns, And Amendments, Pursuant to the Court's Order And Advisory." The government has filed a response, Alba has filed a responsive pleading, and the matters are now ripe for determination.

# II. ISSUES RAISED

In his original pleading seeking relief from this Court, Alba alleges he has been repeatedly subject to attacks in federal prison as a result of his agreeing to enter a guilty plea and cooperate with

---

Circuit has stated if the assertions in the writ "amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition, that has been considered and dismissed, or claims that he reasonably could have raised in that petition" the party seeking relief has not made the necessary showing of a "complete miscarriage of justice" required for relief in such a writ. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004). A review of this pleading reveals movant is doing nothing more than restating arguments made in other pleadings and urging the Court to consider the entirety of the pleadings he has submitted in this case. As noted above, the undersigned has reviewed all of those pleadings in rendering this Report and Recommendation.

federal authorities in this criminal case. He maintains, as part of his plea agreement, the government agreed to protect him from violent attacks he had experienced while in state prison. Alba subsequently filed an amendment to his original pleading in which he alleged: (1) his guilty plea was involuntary and unknowing; (2) his conviction was obtained by use of evidence gained in violation of his constitutional protections against self-incrimination, his right to a grand jury, and his rights to a trial and to confront the witnesses against him; (3) he was denied his right to appeal; and (4) his sentence was improperly enhanced. The government has filed a response to his claims asserting they are all barred by the applicable statute of limitations.

### III.  DISCUSSION

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104- 132, 110 Stat. 1214 (1996). Section 2255 provides that

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United Sates is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because movant filed this motion after the enactment of the AEDPA, the timeliness of this filing is controlled by these provisions of § 2255.

The district court's judgment of conviction against Alba was entered on March 6, 2003. Movant did not appeal. On April 2, 2003, the government filed a Motion for Correction of Sentence for Changed Circumstances, and also filed an amended motion on September 8, 2003. By order dated September 9, 2003, the district court granted the motion, but simply ordered that Alba's federal sentence run concurrently with a state sentence, that service of his federal sentence commence immediately and that Alba be incarcerated in federal prison for the duration of his federal sentence, with all other terms of Alba's sentence unchanged. Again, movant did not appeal.

The earliest date movant's conviction became final was on March 17, 2003, when the time for filing an appeal from his original judgment expired. *See* FED. R. APP. P. 4(b)(1(A) (subsequently amended) (deadline for filing appeal is ten days after judgment); *United States v. Gonzalez*, 592 F.3d 675, 677 (5th Cir. 2009) (conviction final on date deadline for filing appeal expired); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (same). Alternatively, to the extent that the district court's granting of the motion to correct his sentence on September 8, 2003, acted to alter the finality of Alba's conviction, his time to appeal that order ended on September 19, 2003. Alba's original motion construed as seeking relief under § 2255 was filed on February 1, 2010, well more than six years later.[2]

In his traverse to the government's response, Alba maintains the limitations period commenced in this action on the date facts supporting his claims could have been discovered. However, as even he concedes, he became aware of the facts supporting his claim of a breach of his

---

[2]A pro se prisoner's habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (section 2255 motion). Alba dated his motion February 1, 2010. Thus, that is the earliest date on which this post-conviction motion could be deemed filed under the mailbox rule.

plea agreement in August 2005, the earliest date he asserts he was subject to a physical attack in federal prison. In fact, Alba admits he wrote letters to this Court in August 2007 regarding the physical attacks in prison. (Breached Plea Agmt. Mot. at 4; Clerk's Dkt. #30, Traverse at 5). The latest date Alba alleges he was subject to a violent prison attack was July 2008. (Breached Plea Agmt. Mot. at 4; Clerk's Dkt. #30). As noted above, he did not file his motion seeking habeas relief until February 1, 2010, well more than one year after he became aware of the facts underlying his claim of a breach of his plea agreement, and at least six years after he became aware of the facts underlying his other claims. Although Alba was afforded an opportunity to explain his delay in his traverse to the government's response, he has wholly failed to do so.[3]

Rather, in his traverse, Alba suggests his pleadings are more properly construed as seeking relief under 28 U.S.C. § 2241. However, a section 2241 petition on behalf of a sentenced prisoner attacking the manner in which a sentence is carried out must be filed in the same district where the prisoner is incarcerated. *Kinder v. Purdy*, 222 F.3d 209 212 (5th Cir. 2000); *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). This is because the court must have jurisdiction over the prisoner or his custodian at the time the petition is filed. *Lee v. Wetzel,* 244 F.3d 370, 374 (5th Cir. 2001); *United States v. Gabor,* 905 F.2d 76, 77 (5th Cir. 1990). The record indicates Petitioner is presently confined at the Federal Correctional Institution located in Estill, South Carolina. Therefore, this court lacks jurisdiction to consider any request from Petitioner for habeas corpus relief pursuant to

---

[3] Alba also suggests he is entitled to relief on his sentence under amendments to the Sentencing Guidelines effective November 1, 2010, a claim which he contends would not be time-barred. He does not, however, identify the specific amendments entitling him to relief. The undersigned further notes none of the amendments effective on that date have been made retroactive. *See* U.S.S.G. §1B1.10(c) (listing amendments made retroactive). Accordingly, any claim on this basis would fail,

§ 2241. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacked jurisdiction to entertain § 2241 because petitioner was not incarcerated in the district). Accordingly, Alba's motion should be denied.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** movant's Breach of Plea Agreement Motion (Clerk's Dkt. #47), construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and "Petitioner's Respectfull Objections, Concerns, And Amendments, Pursuant to the Court's Order And Advisory" (Clerk's Dkt. #55) as time-barred. All other pending motions and requests should also be **DISMISSED**.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the

petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE